# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 25, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

141996(39)

In re PEOPLE v LARRY KING.

_____

ERIC L. VANDUSSEN,
          Appellant.

SC: 141996
COA: 294682
Shiawassee CC: 09-008600-FH

_____/

On order of the Court, the motion for reconsideration of this Court's November 3, 2010 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

MARKMAN, J. (*concurring*).

I concur in the order denying leave to appeal because the Court of Appeals decision not to permit the videotaping of its proceedings in this case is in compliance with Adminstrative Order 1989-1, "Film or Electronic Media Coverage of Court Proceedings." However, I write separately to express my concerns regarding this Order, in particular as to its impact upon the videotaping of Court of Appeals proceedings. Administrative Order 1989-1 provides in relevant part:

2. Limitations.

    (a) Film or electronic media coverage shall be allowed upon request in all court proceedings . . . .

    (b) A judge may terminate, suspend, limit, or exclude film or electronic media coverage at any time upon a finding, made and articulated on the record in the exercise of discretion, that the fair administration of justice requires such action . . . . The judge has sole discretion to exclude coverage of certain witnesses . . . .

\* \* \*

(d) A trial judge's decision to terminate, suspend, limit, or exclude film or electronic media coverage is not appealable, by right or by leave.

3. Judicial Authority.

Nothing in these guidelines shall be construed as altering the authority of the Chief Justice, the Chief Judge of the Court of Appeals, trial court chief judges, or trial judges to control proceedings in their courtrooms, and to ensure decorum and prevent distractions and to ensure the fair administration of justice in the pending cause.

The appellant in this case, a free-lance reporter preparing a documentary film on our state's new Medical Marihuana Act, was denied the opportunity to videotape what he viewed as pertinent proceedings in the Court of Appeals. The Court of Appeals stated,

The Court orders that the request for film and electronic media coverage of the oral arguments in this matter is denied.

In response to a motion for reconsideration, the Court of Appeals then stated,

Underlying this Court's October 14, 2010, order denying Eric VanDussen's request for media access under Administrative Order 1989-1 was our finding that the fair administration of justice is best advanced by the exclusion of media coverage of oral arguments in this appeal.

I have the following concerns about Adminstrative Order 1989-1:

(1) Given that every oral argument before the Michigan Supreme Court has been made fully accessible to the public on Michigan Government Television, what is the justification for making Court of Appeals oral arguments accessible to the public on such radically different terms?

(2) Is the "fair administration of justice" a coherent standard in determining whether the videotaping of Court of Appeals proceedings will be permitted in a particular case? What does the "administration of justice" mean in the context of allowing or prohibiting the videotaping of an appellate proceeding? Does this standard effectively afford the Court of Appeals unfettered discretion as to whether videotaping will be permitted in a particular case?

(3) Should there be some obligation of articulation upon the Court of Appeals in denying a request to videotape its proceedings based upon the "fair administration of justice?"

(4) Should there be any appellate remedy where a request to videotape has been denied by the Court of Appeals? If so, how can an effectively standardless decision be reviewed for the "abuse of discretion?"

I have requested that a new administrative file be opened by this Court concerning the continued workability of Adminstrative Order 1989-1, as it concerns the Court of Appeals. After nearly a quarter of a century of technological change, and changing attitudes concerning public access to the operations of government, I believe that review of this order is warranted at this time.

MARILYN KELLY, J., would grant reconsideration.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 25, 2011

Corbin R. Davis
Clerk

d0322